## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
*In Admiralty*

| | |
|---|---|
| Hanwin Shipping Limited, | |
|     *Plaintiff* | |
| v. | Civil No. |
| Transatlantica Commodities Pte Ltd., | **VERIFIED COMPLAINT** |
|     *Defendant, in personam* | |
| and | |
| The Master of the M/V Tac Imola | |
|     *Garnishee* | |

## VERIFIED COMPLAINT QUASI IN REM WITH
## REQUEST FOR ISSUE OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff Hanwin Shipping Ltd., by and through its attorneys Christopher McNally, Todd D. Lochner, and Lochner Law Firm, P.C, file this Verified Complaint against Transatlantica Commodities Pte Ltd. *quasi in rem* pursuant to Fed. R. Civ. P. Supplemental Admiralty Rule B, requesting the issue of writs of maritime attachment and garnishment for property of Defendant Transatlantica which is now or soon will be within the District, including bunkers (fuel) and other provisions aboard the M/V Tac Imola and controlled by the Garnishee, the Master of the M/V Tac Imola, and states as follows:

## Summary of Action

This action arises from a cargo fire aboard the M/V Tac Imola, which is currently at sea en route to Boston, MA, expected to arrive July 20, 2022. The fire was caused by Defendant Transatlantica Commodities Pte Ltd.'s ("Transatlantica's") improper stowage of cargo on the vessel and other breaches of its obligations under the charter party agreement described below. Due to the cargo fire, Plaintiff Hanwin Shipping Ltd. ("Hanwin") has suffered approximately $4 million in damages due to additional port charges, delays and other expenses associated with transporting and unloading the fire-damaged cargo. Hanwin brings this Rule B action to attach property owned by Transatlantica which will soon be within the District, specifically bunkers (marine fuel) on board the M/V Tac Imola.[1] Expedited issuance of the writs of attachment is requested, as the M/V Tac Imola is expected to arrive in the District on or around July 20, 2022, and it is uncertain how long it will remain within the District or within the United States.

## Jurisdiction and Venue

1. This is an action within the Court's admiralty jurisdiction, 28 U.S.C. § 1333, and is designated as an Admiralty and Maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. Venue is proper within this District because the Defendant's property and Garnishee(s) are, or soon will be located and found, within this District.

3. Defendant cannot be found within the District within the meaning of Supplemental Admiralty Rule B(1)(a) and Local Admiralty Rule LAR(b)(1).

---

[1] Transatlantica has also asserted its own claim for charter hire against Hanwin, in pending actions against Hanwin in New Jersey, Maryland and Texas, for which Hanwin has already agreed to post approximately USD $1 million in security. But Transatlantica has not agreed to post any amount in countersecurity to date.

## Parties

4. Defendant Transatlantica Commodities Pte Ltd. is a Singapore-based company which charters and subcharters ocean-going vessels.

5. Plaintiff Hanwin Shipping Limited, is a China-based company operating as an ocean carrier, which chartered the M/V Tac Imola from Transatlantica.

6. Garnishee is the master of the vessel M/V Tac Imola, currently steaming off the Eastern Seaboard, which vessel currently holds stores belonging to Defendant Transatlantica, namely bunkers (marine fuel) stored in the vessel's tanks.

## Facts

7. Hanwin and Transatlantica entered into a charter party, on or about November 3, 2021, for Hanwin to charter the bulk carrier cargo ship M/V Tac Imola ("the Vessel").

8. On or about November 24-25, 2021, the Vessel took on a large load of plywood for carriage to Baltimore, Maryland.

9. At some point during the voyage, the plywood cargo caught fire as a result of improper stowage, which allowed the cargo to shift and build friction between itself, other cargo, and the Vessel itself.

10. As a result of the fire, the now-damaged cargo required special handling to discharge from the Vessel. The Vessel has had to make unscheduled port calls to discharge portions of the damaged cargo, and port terminals have charged significantly more for the special handling to offload the damaged cargo.

11. Consequently, Hanwin has incurred significant costs to discharge the damaged cargo.

12. The cargo fire was caused by Transatlantica's lack of due diligence in loading, stowing, and securing the cargo.

13. Transatlantica's failure to properly load, stow, and secure the cargo constituted a breach of the charter party between Hanwin and Transatlantica.

14. As a direct, proximate, and foreseeable breach of said failure, Hanwin has suffered and will suffer damages in the amount of approximately $4,020,898.44 in costs.

## COUNT I
## Breach of Maritime Contract

15. Plaintiff Hanwin realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

16. As set forth above, Plaintiff Hanwin entered into a charter party with Defendant Transatlantica to hire the M/V Tac Imola. The charter party was a marine contract, and further imposed contractual liability on Transatlantica for improper stowage of cargo.

17. As set forth above, Defendant Transatlantica breached its maritime contract with Hanwin where it improperly stowed cargo aboard the M/V Tac Imola, causing a cargo fire.

18. As a direct and proximate result of said cargo fire, Hanwin has suffered and in excess of $4 million in damages including, without limitation, port charges, fuel consumption, delays for discharging the damaged cargo and other expenses.

19. The damages described are due to Hanwin from Transatlantica under the charter party, and remain unpaid.

20. Wherefore, Hanwin demands judgment for its contract damages as fully set forth below.

## COUNT II
## Application for Maritime Attachment and Garnishment
## Under Supplemental Admiralty Rule B

21. Plaintiff Hanwin realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

22. Defendant Transatlantica cannot be found within the District as defined by Supplemental Admiralty Rule B(1)(a).

23. Transatlantica is believed to have assets which are in this jurisdiction, or will be within this jurisdiction during the pendency of this action, consisting of vessel stores, including but not limited to bunkers (marine fuel) on board the M/V Tac Imola, payment for bunkers, cash, funds, credits, debts, and/or payments that may be due to Defendant. *See* Exhibit 1, July 8, 2022 Bunker Receipt.

24. These assets are currently within the custody and control of Garnishee, the Master of the M/V Tac Imola, who is or will shortly be present in the District to receive a writ of maritime garnishment and attachment of these assets.

WHEREFORE, the Plaintiff, Hanwin Shipping Limited, prays:

a) That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

b) That upon proper notice and hearing, judgment be entered against the Defendants in the amount of $4,020,898.44, plus pre- and post-judgment interest, costs, attorneys' fees, *custodia legis,* and any other damages this

Court deems proper;

c) That because Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held or owed by Garnishee(s), which are due and owing to this Defendant up to and including the principal amount of at least USD $4,020,898.44, plus accrued and accruing interest, to secure the Plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

d) That such other and further relief be granted as this Court deems just and proper.

Respectfully Submitted July 21, 2022

/s/ Christopher McNally, Esq.
Christopher McNally (BBO # 687998)
cmcnally@boatinglaw.com

Todd D. Lochner
*Pro Hac Vice to be filed*
tlochner@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400
*Attorneys for the Plaintiff
Hanwin Shipping Limited*

## VERIFICATION OF COMPLAINT
## Plaintiff Hanwin Shipping Limited

I am a corporate officer of the corporate Plaintiff, Hanwin Shipping Limited. I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated upon information and belief and as to those matters I believe them to be true.

The sources of my information and the grounds of belief as to all matters not stated in the Complaint to be alleged upon my own knowledge are reports made to me by other Employees, Officers, and Directors and the records of the Corporation. The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Hanwin Shipping Limited.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted July 21, 2022

_Justin Cao_
Justin Cao
Title: _Vice General Manager_