## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### *In Admiralty*

| | | |
|---|---|---|
| Hanwin Shipping Limited, | * | |
| | * | |
| *Plaintiff* | * | |
| | * | |
| *v.* | * | Civil No. |
| | * | |
| Transatlantica Commodities Pte Ltd., | * | |
| | * | |
| *Defendant, in personam* | * | |
| | * | |
| and | * | |
| | * | |
| The Master of the M/V Tac Imola | * | |
| | * | |
| *Garnishee* | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * *     * * * * * * * * * * * * * * * * *

## EMERGENCY *EX-PARTE* MOTION FOR AN ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff, Hanwin Shipping Ltd., by and through its attorneys Christopher McNally, Todd D. Lochner, and Lochner Law Firm, P.C, moves the Court in this *quasi in rem* action pursuant to Fed. R. Civ. P. Supplemental Admiralty Rule B, requesting issuance of Process of Maritime Attachment and Garnishment for assets of Defendant Transatlantica, including assets aboard the vessel M/V Tac Imola which is or will be within the pendency of action within the District of Massachusetts.

On July 20, 2022, Plaintiff Hanwin filed a Verified Complaint pursuant to Fed. R. Civ. P. Rule 9(h) and Supplemental Admiralty Rule B, which sets forth Plaintiff's claim for damages, and includes in the Verification an affidavit by Plaintiff's counsel that the Defendant

cannot be found within the district.  Rule B(1)(a) states that if a defendant is not found within the district when a verified complaint praying for attachment is filed, then upon review the Court shall enter an order authorizing process and attachment, and the Clerk shall thereupon issue process of attachment and garnishment, and thereafter such process delivered to the United States Marshal for service.

The standard for the Court's review of the Verified Complaint and issuance of process for attachment and garnishment is well-established.  Namely the Plaintiff must show the following to be intitled to a writ of attachment and garnishment:

(1) plaintiff has a valid *prima facie* admiralty claim against the defendant;
(2) defendant cannot be found within the district;
(3) property of the defendant may be found within the district; and
(4) there is no statutory or maritime law bar to the attachment.

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd*., 460 F.3d 434, 445 (2d Cir. 2006).

With respect to the first element Plaintiff has pled in its Verified Complaint a breach of maritime contract.  Namely, that Plaintiff entered into a maritime charter contract with Transatlantica to hire the vessel M/V Tac Imola, that Transatlantica breached its contract by failing to properly load and stow cargo aboard the ship, and that said failure caused a fire which has caused Plaintiff Hanwin to suffer significant damages.  Therefore Plaintiff has set forth in its complaint a *prima facie* claim in admiralty for a breach of maritime contract.

The second element, that defendant cannot be found within the district, is established by Plaintiff's counsel's Rule B affidavit that after reasonable search, Defendant cannot be found for service within the district.  Declaration of Todd D. Lochner, Exhibit 1.  Defendant is a Singapore-based shipping agency, and is not known to have any ongoing business or operations in Massachusetts beyond the fact that the vessel M/V Tac Imola will shortly be making a call in

the port of Boston.  A search of the Secretary of the Commonwealth's records shows that Transatlantica is not incorporated or registered to do business in Massachusetts, and does not maintain a registered agent for service in Massachusetts.  Therefore, within the meaning of Rule B(1)(a) Transatlantica cannot be found within the district for the purposes of service or personal jurisdiction.

The third element, that property of the Defendant may be found within the district, is met where the M/V Tac Imola is currently steaming off the Eastern Seaboard and, upon information and belief, will be in the District of Massachusetts on the evening of July 20, 2022. This is supported by current ship tracking data showing the vessel's routing from Baltimore to Boston, with an estimated time of arrival of the evening of July 20th.  The vessel is chartered to Transatlantica and Plaintiffs are aware that the vessel contains stores owned by Transatlantica, most notably bunkers (marine fuel) on board as supported by documentation that the vessel took on approximately 100 metric tons of fuel on July 8th, prior to departing Baltimore.

Finally, there is no statutory or general maritime law bar that prevents attachment in this circumstance.  Indeed the very reason for Rule B attachment is the matter at bar – when a foreign defendant cannot be found within the district for *in personam* service but has property within the district.  Accordingly, reasonable grounds exist to order the issuance of process of maritime attachment and garnishment.

Further, expedited relief is warranted as it is unknown how long the vessel will remain within the District after it enters on the evening of July 20, 2022.

**WHEREFORE,** Plaintiff respectfully requests this Court to grant its Motion and direct the clerk to issue a warrant for the attachment of the property of Defendant

Transatlantica which is now or soon will be within the District, including bunkers (fuel) and other provisions aboard the M/V Tac Imola and controlled by the Garnishee, the Master of the M/V Tac Imola.

Respectfully Submitted July 22, 2022

/s/ Christopher McNally, Esq.
Christopher McNally (BBO # 687998)
cmcnally@boatinglaw.com

Todd D. Lochner
*Pro Hac Vice to be filed*
tlochner@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400
*Attorneys for the Plaintiff*
*Hanwin Shipping Limited*