**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**
*In Admiralty*

| | | |
|---|---|---|
| Hanwin Shipping Limited, | * | |
| *Plaintiff* | * | |
| v. | * | Civil No. |
| Transatlantica Commodities Pte Ltd., | * | |
| *Defendant, in personam* | * | |
| and | * | |
| The Master of the M/V Tac Imola | * | |
| *Garnishee* | * | |

* * * * * * * * * * * * * * * * * *     * * * * * * * * * * * * * * * * *

**MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN**

Plaintiff Hanwin Shipping Ltd. hereby moves this Court for an order appointing the Master of the M/V TAC IMOLA ("Vessel") as substitute custodian for the bunkers (marine fuel) and any other stores or tangible property aboard the M/V Tac Imola to be attached or garnished pursuant to Rule B.

In support of this motion, Plaintiff states that a Verified Complaint has been filed requesting that a writ of attachment and garnishment issue for the for the property of Defendant Transatlantica which is now or soon will be within the District, including bunkers (fuel) and other provisions aboard the M/V Tac Imola and controlled by the Garnishee, the Master of the M/V Tac Imola, and other stores or tangible assets belonging to Defendant Transatlantica Commodities Pte Ltd., aboard the Vessel.

The Clerk of this Court has been requested to, upon Order of this Court pursuant to Supplemental Rule B, issue process of maritime attachment and garnishment commanding the United States Marshal for this District to attach and take into the custody the bunkers and other tangible property until further Order of this Court respecting the same.

Upon the attachment of the bunkers and other stores, it would be most efficient and cost-effective for the Marshal to turn over custody of the attached property to a capable substitute custodian. The Master of the M/V TAC IMOLA is experienced with keeping the Vessel, and would be able to do so at less expense and difficulty than the Marshal.

Plaintiff requests the ability, to reappoint the custodian at the designation of the Plaintiff's counsel, Christopher McNally, when less exigent circumstances exist. Plaintiff anticipates the appointment of National Maritime Services, Inc., a company well known to the Court and the maritime bar, to supply a watchman on the vessel to prevent the use of the attached consumable property and otherwise prevent the property from departing the District.

Plaintiff in consideration of the Marshal's consent to the substitution of custody of the bunkers and other stores, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of said bunkers and stores, from the time the Marshal or Marshal's designee transfers custody of said bunkers and stores over to the substitute custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the bunkers and stores.

WHEREFORE, Plaintiff requests this Court grant its motion and enter the proposed Order authorizing and directing the United States Marshal for this District to surrender the possession and custody of the bunkers and stores to the substitute custodian named herein and that upon such

surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the bunkers and stores and held harmless for any and all claims arising whatever out of said substituted possession and safekeeping of the bunkers and stores.

Respectfully Submitted July 22, 2022

/s/ Christopher McNally, Esq.
Christopher McNally (BBO # 687998)
cmcnally@boatinglaw.com

Todd D. Lochner
*Pro Hac Vice to be filed*
tlochner@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400
*Attorneys for the Plaintiff*
*Hanwin Shipping Limited*