IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

| | |
|---|---|
| Hanwin Shipping Limited, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:22-cv-11182-RWZ |
| ) | |
| v. ) | |
| ) | |
| Transatlantica Commodities Pte Ltd., ) | |
| ) | |
| Defendant, *in personam*, ) | |
| ) | |
| and ) | |
| ) | |
| The Master of the M/V TAC IMOLA ) | |
| ) | |
| Garnishee. ) | |

**TRANSATLANTICA COMMODITIES PTE LTD.
MEMORANDUM OPPOSING MOTION TO ISSUE
SUPPLEMENTAL RULE B WRIT AND
<u>SUPPORTING MOTION TO DISMISS OR STAY COMPLAINT</u>**

This Court now should deny Hanwin Shipping Limited's ("Hanwin's") motion for issue of a Supplemental Rule B writ,[1] and grant defendant Transatlantica Commodities Pte Ltd.'s ("Transatlantica's") motion to dismiss Hanwin's complaint.

**Facts**

**The TAC IMOLA Voyage and Fire**

Transatlantica by charter party dated November 3, 2021 chartered the M/V TAC IMOLA ("Vessel") to Hanwin for transport of cargo, including steel pipes, enclosures for bitcoin mining

---

[1] Hanwin apparently filed its motion to issue the Supplemental Rule B writ under seal, as ECF 2, which otherwise does not appear on the public docket. Transatlantica further moves for this Court to order that ECF 2 be unsealed.

- 1 -

("Antboxes") and plywood from Shanghai to Baltimore. Hanwin was responsible for selecting the cargo to be loaded on the Vessel.

December 3, 2021, as the Vessel was sailing across the Pacific, a fire was reported in the Vessel's cargo holds. Because of the fire, Hanwin diverted the Vessel to Korea.

Hanwin and Transatlantica disputed the fire cause and diversion but as a result, Hanwin on March 3, 2022 as the Vessel sailed from Korea to the U.S., agreed to pay $800,000 security to Transatlantica, discussed immediately below.

Hanwin then diverted the Vessel to Newark, New Jersey (where Hanwin directed the unloading of the undamaged Antboxes, undamaged, were unloaded) and then to a port on the Hudson River (Coeymans, where Hanwin directed unloading of the undamaged steel pipes, and some of the plywood).

During this time, significant further charter hire charges accrued under the charter party, due from Hanwin to Transatlantica, not secured by the initial $800,000 security Hanwin had deposited.

Still under charter to Hanwin, the Vessel arrived at Baltimore. Unloading the remaining plywood cargo was complete Monday, July 18, 2022. Hanwin, however, failed to pay the stevedore at Baltimore (Canton Terminals) for unloading of the cargo. Transatlantica chose to pay for that unloading so that the Vessel could sail to Boston on to its next charter.

Presently Hanwin owes Transatlantica at least **$4,567,272.74** (charter and related hire and costs of $3,741,068.12, plus $676,204.62 which Transatlantica paid to Canton Terminals, Baltimore for discharge of the Vessel, for which Hanwin failed to pay, plus contractual interest, attorneys' fees and costs of at least $150,000).

**The London Arbitration and Transatlantica's U.S. District Court Suits
For Security**

The charter party requires that all disputes between the parties be decided by London maritime arbitration.

As the Vessel proceeded from Korea to the United States, Transatlantica demanded that Hanwin provide security for the charges. By March 3, 2022 agreement of the parties which is **Exhibit A hereto ("Escrow Agreement"),** Hanwin deposited $800,000 in the client trust account of the Hong Kong office of its lead counsel in Shanghai, Ince & Co.

Significantly, Hanwin demanded no security from Transatlantica; the Escrow Agreement provides, however, that:

> 6.  Nothing in this Agreement shall be construed as limiting the rights of [Transatlantica] to seek further security for the claim relating to the Disputed Amount or any other claim arising out of or relating to the Incident.

**April 22, 2022:  Hanwin Demands London Maritime Arbitration under the Charter Party**:  Hanwin commenced London arbitration against Transatlantica under the Charter Party, on April 22, 2022, by serving Transatlantica with notice of arbitration. Hanwin gave notice that Hanwin had appointed an arbitrator and required Transatlantica to appoint its own arbitrator within 14 days.

Transatlantica timely appointed its arbitrator.  The London arbitration proceedings, at Hanwin's initiation presently are underway.

**May 27, 2022:  Transatlantica Files Suit, U.S. District Court, District of Maryland, Baltimore for Rule B attachment of Hanwin Property; Hanwin appears but has not counterclaimed**:  Significant charges continued to accrue as the Vessel continued under charter to Hanwin, still unloaded.

On May 27, 2022, Transatlantica consequently brought suit in the District of Maryland, *Transatlantica Commodities Pte Ltd. v. Hanwin Shipping Limited et al*, No. 1:22-cv-01275-RDB (U.S. District Court, District of Maryland) pursuant to Supplemental Admiralty B and the Federal Arbitration Act, which provides in pertinent part as follows:

> 9 U.S.C. § 8 - Proceedings begun by libel in admiralty and seizure of vessel or property
>
> If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.

Hanwin intended to make deposits with local agents, and with Canton Terminals, for discharge of the Vessel there; Transatlantica's suit was to attach those deposits.  Transatlantica subsequently did attach deposits held by the local Baltimore agent (Terminal Corporation) of about $50,000.

July 8, 2022, Hanwin by counsel filed a restricted appearance in the Maryland suit, and Hanwin's answer and any counterclaim is due, at the outside, 21 days following, July 29, 2022.

**June 1, 2022:  Transatlantica Attaches Hanwin Bunkers, U.S. District Court, District of New Jersey; Hanwin appears but does not counterclaim**:  Significant charges still continued to accrue as the Vessel continued under charter to Hanwin, still unloaded.

Another vessel chartered by Hanwin, the M/V INDIGO SPICA, called June 1, 2022 in Camden, New Jersey.

Transatlantica June 1, 2022 consequently brought suit in the District of New Jersey, *Transatlantica Commodities Pte Ltd. v. Hanwin Shipping Limited et al*, 1:22-cv-03348 (U.S. District Court, District of New Jersey) to attach the INDIGO SPICA bunker also pursuant to Supplemental Admiralty B and the Federal Arbitration Act.  Hanwin entered an unrestricted

appearance in the New Jersey case[2] and deposited in favor of Transatlantica pursuant to amendment of the initial Escrow Agreement, **Exhibit B hereto,** further security of $195,857.22.

Hanwin and Transatlantica agreed and the Court ordered stay of the case pending arbitration.[3]

**June 17, 2022: Transatlantic's Rule B / Federal Arbitration Act filing, Southern District of Texas; July 15, 2022, Attachment of Bunkers, Panama**: Transatlantica also has brought a Rule B / Federal Arbitration Act suit against Hanwin in the U.S. District Court, Southern District of Texas, No. 4:22-cv-01983, also for London arbitration security, serving a writ there on Hanwin's U.S. agent, American Stevedoring and Chartering in Houston. Hanwin has not yet appeared in this case.

Finally, July 22, 2022, Transatlantica under Panama law, also for security in the London arbitration, attached bunkers aboard another Hanwin-chartered vessel, the BELKNIGHT, at Panama.

The value of the bunkers attached is about $800,000, however, despite Transatlantica's actions, Transatlantica continues to remain unsecured in the London arbitration by about $2.8 million.

---

[2] *Id.,* ECF 14, at https://storage.courtlistener.com/recap/gov.uscourts.njd.496547/gov.uscourts.njd.496547.14.0.pdf

[3] Id., ECF 16, at https://storage.courtlistener.com/recap/gov.uscourts.njd.496547/gov.uscourts.njd.496547.16.0_1.pdf

**The Court Now Should Deny Hanwin's Rule B Writ Motion**

Hanwin's complaint – and motion for writ – is not an original complaint; it is a counterclaim, to the three complaints Transatlantica already has brought against Hanwin and in two of which, Hanwin has filed appearances.

Fed. R. Civ. P. 13 ("Counterclaim and Crossclaim") states in pertinent part as follows:

(a) Compulsory Counterclaim.

(1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(B) does not require adding another party over whom the court cannot acquire jurisdiction.

(2) Exceptions. The pleader need not state the claim if:

(A) when the action was commenced, the claim was the subject of another pending action; or

(B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

Hanwin has never filed a counterclaim so, Hanwin's claim here, really a counterclaim, is not the subject of "another pending action."

And, Hanwin's general appearance in the New Jersey action did establish personal jurisdiction over Hanwin, at least, in New Jersey.

Along with Fed. R. Civ. P. 13, Supplemental Admiralty Rule E (7) provides in pertinent part as follows:

(7) Security on Counterclaim.

(a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the

original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

If Hanwin wants security on what really is its counterclaim – incorrectly raised as an original complaint her – which counterclaim Hanwin had to bring, at least, in the New Jersey action, and arguably must bring in Maryland, or the Southern District of Texas – its remedy under Supplemental Rule E (7) is to counterclaim, with Transatlantica then required to "give security . . . unless the court, for cause shown, directs otherwise."

The Federal Rules do not entitle Hanwin to bring its counterclaim as an original claim here, requesting a Rule B writ for security independent of what Supplemental Admiralty Rule E (7) provides for.

### The Court Should Dismiss or Stay Hanwin's Complaint

For the reasons immediately above, this Court further should dismiss Hanwin's complaint.  The complaint is a compulsory counterclaim to be raised in Transatlantica's existing suits against Hanwin, not an independent suit.

Further, Hanwin makes no mention of the London arbitration action that Hanwin initiated against Transatlantica in April, 2022 and that is underway, and in particular makes no mention that its attempted Rule B garnishment is further to and for security for that arbitration pursuant to 9 U.S.C. § 8.

Hanwin's suit seeks, instead, independent security and for this Court to determine Hanwin's claims (counterclaims) on their merits, independent of the London arbitration.  It instead of being filed in security for arbitration, demands that this Court hold security for these proceedings, and enter judgment on the merits in these proceedings.

This Court accordingly pursuant to 9 U.S.C. § 4 ("Failure to Arbitrate under Agreement") therefore should, if it does not dismiss Hanwin's claims, stay them pursuant to 9 U.S.C. §3("Stay of proceedings where issue therein referable to arbitration") and 9 U.S.C. § 4 order Hanwin to arbitrate the claims.  This Court further for this reason should deny issue of the Rule B writ.

Dated: July 24, 2022.

Respectfully Submitted,

Transatlantica Commodities Pte Ltd.,
By its attorneys,

| | |
|---|---|
| */s/ Samuel P. Blatchley* | */s/ J. Stephen Simms* |
| Samuel P. Blatchley (BBO No. 670232) | J. Stephen Simms |
| Eckland & Blando LLP | (*Pro hac vice* motion pending) |
| 22 Boston Wharf Road, 7th Floor | Simms Showers LLP |
| Boston, MA 02210 | 201 International Circle |
| (617) 217-6936 | Baltimore, Maryland 21030 |
| sblatchley@ecklandblando.com | Ph:  410-783-5795 |
| | Fax 410-510-1789 |
| | jssimms@simmsshowers.com |

**CERTIFICATE OF SERVICE**

I, Samuel P. Blatchley, hereby certify that this document filed through the ECF system on July 24, 2022 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Samuel P. Blatchley*