IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

| | |
|---|---|
| Hanwin Shipping Limited, ) | |
| ) | |
| Plaintiff/Counter-Defendant ) | Civil Action No. 1:22-cv-11182-RWZ |
| ) | |
| v. ) | |
| ) | |
| Transatlantica Commodities Pte Ltd.,` ) | |
| ) | |
| Defendant/Counter-Plaintiff, *et al.* ) | |
| ) | |

### TRANSATLANTICA'S RESPONSE
### OPPOSING TO HANWIN'S RECONSIDERATION MOTION

This Court now should deny Hanwin's Fed. R. Civ. P. 54(b) reconsideration motion.[1]

### This Court Should Deny Reconsideration

This Court writes as follows:

Reconsideration is an extraordinary remedy that should rarely be granted. *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir.2006). To obtain relief on a motion for reconsideration, the moving party must present newly discovered evidence, an

---

[1] If Hanwin continues to fail to post the security this Court has ordered, Docket # 35, August 24, 2022, this Court should order release back to Transatlantica the security ($564,283.35) which Transatlantica posted as this Court ordered Transatlantica to do.  Docket # 26, July 27, 2022; Transatlantica's Notice of Posting Security, Docket # 29, July 28, 2022.

Supplemental Rule E(6) provides in pertinent part:

(6) Reduction or Impairment of Security. Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given . . . .

Transatlantica, by counsel, today contacted Hanwin, by counsel by email pursuant to LR 7.1(a)(2) in advance of Transatlantica's expected motion for release of Transatlantica's security.

Notwithstanding Hanwin's position here on reconsideration (that it Hanwin post no countersecurity as this Court has ordered but Transatlantica's be kept), Hanwin, by counsel responded that overnight consultation with Hanwin was required for a response on Hanwin's position on the motion.  Transatlantica expects Hanwin's opposition and thus imminently to move for security release.

intervening change in the law, or a manifest error of law in the court's decision. *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).

*Adelphia Agios Demetrios, LLC v. Arista Dev., LLC*, No. CIV.A. 12-10486-RWZ, 2013 WL 1622675, at *1 (D. Mass. Apr. 16, 2013)(Zobel, J.).

> Motions for reconsideration permit courts to correct "manifest errors of law or fact." *Standard Qumica de Venez. v. Cent. Hispano Int'l. Inc*., 189 F.R.D. 202, 205 (D.P.R. 1999). On reconsideration, however, the court will not consider any argument already rejected, or any theory that could—and should—have been raised earlier. *See Nat'l Metal Finishing Co., Inc. v. Barclaysamerican/Commercial, Inc*., 899 F.2d 119, 123 (1st Cir. 1990).

*United States v. Coloplast Corp*., No. CV 11-12131-RWZ, 2016 WL 4483869, at *1 (D. Mass. Aug. 24, 2016)(Zobel, J.); *accord, Sverdlov v. Eydinov*, 555 F. Supp. 3d 1, 2 (D. Mass. 2021)(no reconsideration based on previously known evidence)(Zobel, J.); *Karter v. Pleasant View Gardens, Inc*., 323 F. Supp. 3d 179, 181 (D. Mass. 2018)(the Court "will not consider any argument already rejected, or any theory that could—and should—have been raised earlier.")(Zobel, J.); *Linton v. New York Life Ins. & Annuity Corp*., No. CIVA 04-11362 RWZ, 2006 WL 3043224, at *2 (D. Mass. Oct. 25, 2006)("[I]t it is well established that reconsideration may not be used to advance new legal theories in the hope they will fare better than the previous ones.")(Zobel, J.).[2]

---

[2] Hanwin's reconsideration memorandum, Docket #43 at 9, cites with approval *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) for the proposition that District Courts may pursuant to Fed. R. Civ. P. 54(b) revise or amend their interlocutory orders. The full quote from this Court's Davis opinion, however is the following:

> A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment. *See Bethlehem Steel Export Corp. v. Redondo Constr. Corp*., 140 F.3d 319, 321 (1st Cir.1998) (holding that a district court judge to whom a case had been reassigned could grant the defendant's motion for summary judgment after the previous judge had denied the motion); *Perez–Ruiz v. Crespo–Guillen*, 25 F.3d 40, 42 (1st Cir.1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."). The Supreme Court, however, has admonished that **"courts should be loathe to do so in the absence of extraordinary circumstances** such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " *Christianson v.*

Transatlantica counterclaimed against Hanwin, Docket # 28, July 27. 2022, and on Transatlantica's posting of the countersecurity this Court ordered, Docket # 26, July 27, 2022; Transatlantica's Notice of Posting Security, Docket # 29, July 28, 2022, pursuant to Supplemental Admiralty and Maritime Rule E(7)(a).[3]

Transatlantica July 28, 2022, Docket #30, moved pursuant to Supplemental Admiralty and Maritime Rule E(7)(a) for this Court to set the countersecurity required from Hanwin.

Hanwin 14 days later on August 11, 2022 not only opposed the motion, Docket # 31, but also filed an amended complaint, Docket # 32.

---

*Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (*quoting Arizona v. California*, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 75 L.Ed.2d 318 [1983]).

When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions. *See McCoy v. Macon Water Auth*., 966 F.Supp. 1209, 1222 (M.D.Ga.1997). In order to accommodate these competing interests, a court should grant a motion for reconsideration of an interlocutory order **only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order**. *See id*. at 1222–23; 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 4478, at 789–90 (1981).

Hanwin does not meet the standard of the *Davis* precedent it cites with approval.

[3] Supplemental Admiralty and Maritime Rule E(7)(a) ("Security on Counterclaim") states as follows:

(a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given **must give security for damages demanded in the counterclaim** unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

(Emphasis added).

Significantly in its August 11, 2022 opposition to posting counter-security, Hanwin makes no mention of the "inability to post countersecurity" argument that it raises in its reconsideration motion which Hanwin brings 60 days later, Docket # 43, October 12, 2022.

**Hanwin Had the Financial Means to Post the Required Countersecurity with this Court's August 24, 2022 Order – But Depleted Its Accounts and "Transferred" Its Customers to "City Expansion**: With its October 12, 2022 reconsideration memorandum, Docket #44-1, Hanwin's "sole director" Yin Ming swears and presents what he states are Hanwin's authentic bank (and sole asset) statements, with balance dates from August 25, 2022 to September 27, 2022. Docket #44-1, pages 50-61.

Of these, the earliest Hanwin bank account entry, August 25, 2022, Docket #44-1, page 60, shows that at the time of Hanwin's last transaction on August 25, 2022, Hanwin's account held **$2,198,887.12**. As Hanwin writes in its reconsideration memorandum, Docket #43, at 6:

> Hanwin does not contend that there has been an intervening change in the law or any clear error of law in respect of this Court's decision to award countersecurity to Transatlantica because the final clause of Rule E(7) makes clear that "the trial court possesses broad discretion in deciding whether to order countersecurity . . ." *Result Shipping Co. v. Ferruzzi Trading USA*, 56 F.3d 394, 399 (2d Cir. 1995).

Although Hanwin does not present its bank statements as of August 11, 2022, given Hanwin's over $2 million bank balance at August 25, 2022 presumably it did have the means then to post countersecurity – as it had a number of times before[4] – and thus didn't August 11, 2022 raise any "inability."

---

[4]  As this Court noted in its Order, August 24, 2022, docket # 35, Hanwin "has already posted security . . . in several related cases." In one of the related cases this Court lists, however, Hanwin has not posted security and continues to resist the U.S. District Court, Southern District of Texas garnishment writ  (S.D. Tex., Case No. 22-cv-1983); $979,893.63 of security remains at issue in that case and Hanwin has posted no security there.

Hanwin continues to attempt to have released the $979,893.63 which Transatlantica garnished in the Southern District of Texas (this is not security pursuant to Supplemental Rule

Neither did Hanwin have any such "inability" when this Court August 24, 2022, Docket # 35, ordered Hanwin (granting Transatlantica's countersecurity motion, overruling Hanwin's opposition) to post $988,793.21 of countersecurity.  Again, Hanwin's closing bank balance, August 25, 2022 was **$2,198,887.12** - - **$1,210,093.91 in excess of the countersecurity this Court had ordered August 24, 2022**.

This Court clearly acted in its discretion, August 24th, ordering countersecurity well with Hanwin's then-present ability.  Hanwin, however, ignored this Court's August 24, 2022 Order – even though it had ample funds to comply with this Court's Order.

Instead of complying, Hanwin emptied its bank account – now claiming inability to provide security.

Hanwin's bank statements show that as of September 1, 2022 (Docket #44-1, at 59), though, Hanwin's account still held $1,117,392.86 (also ample to fund the countersecurity this Court ordered).  Afterward the account balances fluctuated to as low (September 5, 2022) as $3,392.46 – then back up to $686,686.62 three (3) weeks later ( September 21, 2022), and even, $705,701.86 about a week later ( September 27, 2022) – but then – after Hanwin sent $629,816.24 out of its account September 27, 2022, there only remained the $75,000 or so Hanwin's reconsideration motion reports.  Docket # 44-1 at pages 56-60.

The dwindling of the Hanwin bank account was **not** to provide security.  **Exhibit A hereto** summarizes the security that Transatlantica, and Hanwin have provided in the various

---

E(7) because it is held by a Supplemental Rule B writ; Hanwin did not post this security) and it continues to disobey this Court's August 24, 2022 Order to post $988,793.21 countersecurity.

Consequently, as set out in **Exhibit A hereto**, on the present $5,547,245.23 amount of Transatlantica's claims, Transatlantica remains under-secured by $3,294,516.55.  Although Hanwin also is under-secured on its $4,179,225.00 claim (Transatlantica having provided Hanwin $964,283.35 of security), comparing the relative amounts of Hanwin's and Transtlantica's claims, Hanwin is $79,574.90 more secured than Transatlantica.

actions around the country and in Panama.  The last security (or countersecurity) which Hanwin provided was in the U.S. District Court, Eastern District of Louisiana, August 4, 2022 ($400,000), bringing the total amount of security and countersecurity Hanwin has provided to $2,252,728.68.

After August 4, 2022 (20 days before this Court's August 24, 2022 Countersecurity Order), **Hanwin has provided no security or countersecurity**.  Consequently the suggestion that Hanwin cannot comply with this Court's Countersecurity Order is not because of Hanwin - well before August 24th, providing security ( and of course, Hanwin didn't argue that in its August 11, 2022 opposition, Docket # 31, either.

**Hanwin Simply Has Transferred its Business to  the Name of "City Expansion"**: The reason that Hanwin – besides depleting its bank account – will not comply with the Court's August 24, 2022 countersecurity order, is that in the meantime Hanwin has transferred its business to the name of "City Expansion" – run by its "former" director, Mr. Jiang Chunrong.  *Compare* U.S. Import Records, **Exhibit B hereto** – for Hanwin – Carrier Code HSLM – and those of **Exhibit C hereto** – for "City Expansion" – Carrier Code CYAG.  The "common" Hanwin, and then "City Expansion" customers are highlighted in yellow.   As the U.S. vessel calls reported to U.S. Customs under the Hanwin carrier code (HSLM) diminished, there appeared for the first time in U.S. trade, U.S. Customs entries under the "City Express" carrier code, CYAG.

Transatlantic expects that discovery will show that Hanwin and "City Expansion" are alter egos (at minimum, certainly having or having had recent common ownership) or that, at least in the form of customer accounts, Hanwin has fraudulently conveyed its assets to "City Expansion" in order to frustrate creditors including Transatlantica.

**Hanwin's "Reconsideration" Arguments Are Those It Could Raise – or Did Raise – With Its Initial Opposition**

As Hanwin did in its original response, Docket #31, August 11, 2022, Hanwin on attempted reconsideration once again raises the same arguments about the parties' supposedly unequal security positions (even though, as set out above, comparing security and claims, Hanwin is $79,574.90 more secured than Transatlantica). The Court rejected the arguments and ordered Hanwin to post countersecurity.

Hanwin's attempted reconsideration also discusses, once again, *Result Shipping Co. v. Ferruzzi Trading USA Inc*., 56 F.3d 394 (2d Cir. 1995)(citing it in its table of authorities as "*passim*" – many mentions), which Hanwin also cited in its original (Docket #31, August 11, 2022) response.

**<u>Hanwin Must Post the Ordered Countersecurity – In Order to Move for Reduction</u>**

Supplemental Admiralty and Maritime Rule E(6) ("Reduction or Impairment of Security") finally provides that:

> Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given; and if the surety shall be or become insufficient, new or additional sureties may be required on motion and hearing.

Hanwin has provided none of the countersecurity this Court has ordered. None thus has been "taken" and there cannot be reduction, provided only through Supplemental Rule E(6).[5] In

---

5  *See d'Amico Dry d.a.c. v. Nikka Fin., Inc*., No. CV 1:18-00284-KD-MU, 2018 WL 6190359, at *3 (S.D. Ala. Aug. 10, 2018):

> The Second Circuit recently stated that "Where, as here, security is posted and a vessel is released, Rule E(6) empowers the court to reduce security." *Chemoil Adani PVT. LTD. v. M/V Mar. King*, No. 16-3944-CV, 2018 WL 3339788, at *2 (2d Cir. July 9, 2018). This language and sentence indicates Rule E(6) reduction powers arise only after security is posted and the is vessel released. Other language tends to support this idea. *See e.g., Transportes*, 572 F.3d at 101 ("If security is taken by the court in lieu of attached property, Rule E(6) maintains that" the court may reduce the amount given) (emphasis added).

addition, Hanwin makes no proposal to provide any security even though Hanwin insists that security should be "reduced." Hanwin continues in operation – at least in the London arbitration through its counsel there, and in Hanwin's vigorous pursuit of Transatlantica and opposition to Transatlantica in this Court and in the Southern District of Texas (and continued representation in actions involving Transatlantica in the Eastern District of Louisiana and District of Maryland, with the District of New Jersey action stayed).

Hanwin does not qualify for reduction of countersecurity (to zero) under Supplemental Rule E(6), the Rule governing reduction of countersecurity under the Supplemental Admiralty Rules.

## **Conclusion**

Hanwin raises nothing meriting reconsideration or reduction of countersecurity which it has failed to post. This Court now should deny the motion.

Dated: October 26, 2022.

Respectfully Submitted,

Transatlantica Commodities Pte Ltd., By its attorneys,

Samuel P. Blatchley (BBO No. 670232)  
Eckland & Blando LLP  
22 Boston Wharf Road, 7th Floor  
Boston, MA 02210  
(617) 217-6936  
sblatchley@ecklandblando.com  

/s/ J. Stephen Simms  
J. Stephen Simms  
Simms Showers LLP  
201 International Circle  
Baltimore, Maryland 21030  
Ph: 410-783-5795  
Fax 410-510-1789  
jssimms@simmsshowers.com

## CERTIFICATE OF SERVICE

I, J. Stephen Simms hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ J. Stephen Simms