**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
*In Admiralty*

| | | |
|---|---|---|
| Hanwin Shipping Limited, *Plaintiff* | * * * | |
| v. | * * | Civil No. 1:22-cv-11182-RWZ |
| Transatlantica Commodities Pte Ltd., Millenary Shipping LP *Defendants, in personam* | * * * * | |
| and | * * | |
| The Master of the M/V Tac Imola *Garnishee* | * | |

* * * * * * * * * * * * * * * * * *   *   * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM OF LAW OF**
**HANWIN SHIPPING LIMITED IN FURTHER SUPPORT OF**
**MOTION FOR RECONSIDERATION OF COUNTERSECURITY ORDER**

Plaintiff Hanwin, by and through its attorneys, respectfully submits this reply memorandum in further support of its motion for reconsideration, requesting that the Court's award of countersecurity in favor of Transatlantica be vacated or reduced. Reconsideration is equitable and appropriate here in light of the evidence of Hanwin's financial circumstances submitted with Hanwin's opening brief and because an award of countersecurity in this case does not serve the purpose of Rule E(7), which is intended to place the parties on an equal footing. Hanwin's ability to prosecute its claims against Transatlantica or to defend against Transatlantica's own claims in this jurisdiction and in the London arbitration has been crippled, and a further award of countersecurity does not further the interest in equality that Rule E(7) is intended to advance. *See* Ming Decl. ¶¶ 26-29.

Notably absent from Transatlantica's opposition is any dispute with respect to the merits of Hanwin's claims or any credible dispute as to Hanwin's present financial circumstances. Hanwin has submitted a verified complaint (verified by Mr. Justin Cao, Vice General Manager of

Hanwin) and two declarations from Mr. Ming (Hanwin's director), and from Mr. Chunrong (Hanwin's former director) as to Hanwin's present financial circumstances and explaining the basis for Hanwin's claims against Transatlantica. Transatlantica has submitted a counterclaim and argument supported by nothing other than the arguments of counsel.

Transatlantica claims that reconsideration is improper because Hanwin did not previously raise its inability to pay. *See* Opp'n at 4. But Hanwin's inability to pay did not arise until *after* the Court issued its Order, and well after the close of briefing. *See* Dkt. 43 (Mov. Mem.) at 7 n.1, 12; Ming Decl. ¶¶ 23, 31 (noting that "as the deadline for payment . . . drew near, it became clear that Hanwin was not able to raise additional financial resources to meet the Court's order").[1] Indeed, Hanwin has been named as a defendant in no less than eight parallel proceedings in different jurisdictions and has posted substantial security over the last few months in these actions, depleting its financial resources. Mov. Mem. at 10-11.

Transatlantica's claims that Hanwin "depleted its accounts" and "transferred its business" to City Expansion following the issuance of the Order are likewise incorrect and unsupported by the record. Although, for a time prior to and following the issuance of the Order, the balance of Hanwin's bank account technically exceeded the amount of countersecurity, these funds were needed (and ultimately used) for operational expenses, including to satisfy existing liabilities to third parties relating to other vessels chartered by Hanwin, as well as attorneys' fees and security in the numerous parallel proceedings discussed in Hanwin's Motion. *See* Dkt. 44 (Ming Decl.) ¶¶

---

[1] Courts have granted reconsideration of countersecurity orders where the movant demonstrated its financial inability to comply. *See, e.g., Superior Derrick Servs., LLC v. Lonestar 203*, No. 09-cv-0484, 2010 WL 2606234, 2010 U.S. Dist. LEXIS 61601, at *13 (W.D. La. Jun. 22, 2010) (evidence "establish[ed] that [plaintiff] is unable to comply with the court's prior counter-security order"). Transatlantica is also incorrect that Hanwin must first post security in order to seek a reduction of the amount of countersecurity under Rule E(6). *See* Opp'n at 7. While Rule E(6) provides a mechanism by which parties can seek adjustments in the amount of security already posted, Rule E(7) allows for a plaintiff to challenge the posting of countersecurity *prior to posting it*. *See also Superior Derrick Servs.*, 2010 U.S. Dist. LEXIS 61601, at *14 (plaintiff not required to post countersecurity under Rule E(7) due to financial inability).

21-22 (noting Hanwin's bank statements reflect remittance to third parties "for payment of hire, freight, towage charges, survey charges and other services" for commitments that Hanwin had "before the Court made the Order of security"); *see also Superior Derrick Servs., LLC*, 2010 U.S. Dist. LEXIS 61601, at *13 (in granting motion for reconsideration, noting that the plaintiff's "remaining credit is needed . . . to meet its operational expenses"). Accordingly, Transatlantica's speculation that Hanwin could have made a countersecurity payment in August 2022 is belied by the facts set out in the Ming and Chunrong declarations.

Additionally, the evidence does not reflect that Hanwin "transferred its business" or "fraudulently conveyed its assets" to City Expansion. Instead, Transatlantica's own submission contradicts its claim. The overlapping scheduling dates in Transatlantica's exhibits B and C suggest not a transfer of business, but instead reflect that Hanwin and City Expansion provided <u>separate</u> services to common clients and did so before Hanwin's financial situation became untenable. *See* Chunrong Decl. ¶11 (reflecting that City Expansion Limited is a separate company providing "transport agency services and trading of iron and steel financial investment."). As noted in the Chunrong Declaration, City Expansion is also experiencing financial difficulty, which contradicts Transatlantica's assertions. *See* Dkt. 45 (Chunrong Decl.) ¶¶ 10-11 (noting that City Expansion has insufficient funds to loan Hanwin the amount of countersecurity).[2]

## **CONCLUSION**

Hanwin respectfully requests the Court reconsider and vacate the award of countersecurity in Transatlantica's favor in this case, or in the alternative reduce the amount awarded.

---

[2] In a decision rendered today in Texas, Magistrate Judge Sheldon ruled that Transatlantica be required to post an additional $979,893.63 in countersecurity to match the $979,893.63 in assets that the Court found to be property of Hanwin within the district. The Court found that [t]he purpose of Rule E(7) "is to equalize, *where not otherwise inequitable*, the positions of the plaintiff and defendant with respect to security." Dkt. 59 at 14 in *Transatlantica v. Hanwin*, Case No. 22-cv-1983 (S.D. Tex.). Here, based on the overall positions of the parties, where Transatlantica still has received some $1 million more in security from Hanwin across these cases, and given Hanwin's demonstrated inability to supply additional security, the award of additional countersecurity here should be vacated.

Respectfully Submitted November 2, 2022

*/s/ Brian P. Maloney*
Brian P. Maloney
maloney@sewkis.com
Bruce G. Paulsen
paulsen@sewkis.com
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

Christopher McNally (BBO # 687998)
cmcnally@boatinglaw.com
Todd D. Lochner
tlochner@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400

*Attorneys for Plaintiff Hanwin Shipping Limited*