**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
*In Admiralty*

| | | |
|---|---|---|
| Hanwin Shipping Limited, | * | |
| | * | |
|    *Plaintiff* | * | |
| | * | |
| v. | * | Civil No. 1:22-cv-11182-RWZ |
| | * | |
| Transatlantica Commodities Pte Ltd., | * | |
| Millenary Shipping LP | * | |
| | * | |
|    *Defendants, in personam* | * | |
| | * | |
| and | * | |
| | * | |
| | * | |
| The Master of the M/V Tac Imola | * | |
| | * | |
|    *Garnishee* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*  \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT STATUS REPORT**

In the Court's November 9, 2022 Order (Dkt. #49), the Court required evidence in connection with Hanwin's motion for reconsideration of the Court's August 24, 2022 countersecurity order (Dkt. #42) and ordered that the parties "shall jointly submit a report including a brief overview of the evidence each intends to present, how much time each needs to present that evidence, and the date(s) both sides are available." In response, the parties respectfully state as follows:

**Hanwin Shipping Limited**

   1. <u>Evidence to be Presented:</u> Hanwin would respectfully refer the Court to the declarations of Yin Ming and Jiang Chunrong filed with Hanwin's motion for reconsideration, and the

documents appended to those declarations, together with any available updated statements of account or other documentation reflecting Hanwin's lack of financial means.

2. <u>Amount of Time Needed to Present:</u>  We would anticipate one day for such evidence to be presented by one or more of the declarants or other Hanwin personnel.

3. <u>Date(s) of Availability:</u> We understand that available Hanwin personnel would include Messrs. Justin Cao and/or Chunrong Jiang.  Hanwin requests that any such hearing be scheduled after mid-April 2023.  We have conferred with counsel for Transatlantica, who agree to a hearing by Zoom videoconference or other remote means to avoid the burden and expense of travel.

With respect to Transatlantica's submission in response to the Court's November 9, 2022 order, set out below, Hanwin objects to Transatlantica's requests for discovery and the arguments made therein which appear to re-argue the merits of Hanwin's motion and in large part do not respond to the Court's request.

**Transatlantica Commodities Pte Ltd.**

**Financial Discovery Needed from Hanwin, City Express, their Principals, and Auditors/Accountants**:  On August 24, 2022, this Court ordered Hanwin to post $988,793.21 countersecurity (Docket #35).  On August 25, 2022 (Hanwin's motion does not present any accounts earlier than this date), the day after this Court's Order, Hanwin's bank account balance was $2,271,544.89 (Hanwin bank statement, page 55 to its director, Yin Ming's affidavit, Docket # 44-1).

Yet when Hanwin moved to reconsider this Court's Order, about 6 weeks later (October 12, 2022, Docket #42), it claims to have no money to pay any countersecurity (the most recent bank statement Hanwin has presented, has as its last entry September 27, 2022, amount $75,785.62).

Hanwin has redacted from its bank statements presented to this Court, details of income and disbursements. It also presents to this Court no further, current data about its financial condition beyond the final bank statement with entry September 27, 2022.

As set out on U.S. import records, **Exhibit A hereto**, Hanwin had at least one further shipment into the U.S, October 3, 2022 but presents the Court with no details of this shipment (including income or expense). Hanwin further presents this Court with no details of its current operation). Although Hanwin claims that it has had significant legal expenses (as has Transatlantica), Hanwin makes no contention that its payment of those legal expenses was post-this Court's countersecurity order.

Hanwin's Hong Kong incorporation records also indicate that Hanwin has an accounting or management firm, Administrator SBC International Hong Kong, which keeps or audits its financial records. No supporting documentation other than

Hanwin and City Express, unilaterally and not yet subject to discovery, have been the only sources of documentation about their claimed financial condition. Supporting Hanwin's October 12, 2022 (Docket #42) reconsideration motion has only been, of course, the information which Hanwin wanted to include to support its motion.

The Court accordingly should require Hanwin to provide at least the following discovery (which could be provided under attorneys eyes only protective order), unredacted, current since this Court's August 24, 2022 countersecurity order, including documentation of the following:

- Current bank records;
- Customer transaction lists including present customer contracts;
- Officer and employee compensation payments;
- Loans to and from Hanwin;
- Hanwin personal and real property and other assets;
- Details of all financial transactions
- Compensation paid or given to City Express including customer accounts or

       information;
- Current audited and unaudted financial statements; and
- Current operations of Hanwin, including to produce further income

This Court should require Hanwin to in turn require SBC International Hong Kong to provide financial information about Hanwin, including information which it has ( which might also duplicate Hanwin's) about Hanwin's financial situation.

    The Court further should require City Express to provide information about all payments made to and from Hanwin, and compensation paid or received including by transfer of any customer accounts.

    The Court should require Hanwin to provide the documents and related information to Transatlantica counsel by/before January 20, 2023, and afterwards by or before February 3, 2023 to provide Hanwin's Directors, City Express' Director, and an accountant with charge over Hanwin's account from SBC International Hong Kong, to testify at depositions of each taken during business hours, U.S. East Coast time ( keeping in mind, that Hanwin chose to proceed in this Court) by Zoom or similar means.

    1. <u>Evidence to be Presented</u>:  Evidence developed by discovery as set out above.

    2. <u>Amount of Time Needed to Present</u>:  Two hours.

[Continued on Next Page]

3. <u>Date(s) of Availability</u>: The evidentiary hearing should be held as soon as the Court orders, subject to Counsel availability, after February 3, 2023. Transatlantica agrees that if the Court permits, the hearing be held by Zoom or similar means.

Dated: December 21, 2022

                              Respectfully Submitted

| | |
|---|---|
| */s/ Brian P. Maloney* | */s/ J. Stephen Simms* |
| Brian P. Maloney | J. Stephen Simms |
| maloney@sewkis.com | Simms Showers LLP |
| Bruce G. Paulsen | 201 International Circle |
| paulsen@sewkis.com | Baltimore, Maryland 21030 |
| SEWARD & KISSEL LLP | Ph: 410-783-5795 |
| One Battery Park Plaza | Fax 410-510-1789 |
| New York, NY 10004 | jssimms@simmsshowers.com |
| Telephone: (212) 574-1200 | |
| Facsimile: (212) 480-8421 | Samuel P. Blatchley (BBO No. 670232) |
| | Eckland & Blando LLP |
| -and- | 22 Boston Wharf Road, 7th Floor |
| | Boston, MA 02210 |
| Christopher McNally (BBO # 687998) | (617) 217-6936 |
| cmcnally@boatinglaw.com | sblatchley@ecklandblando.com |
| | |
| Todd D. Lochner | Transatlantica Commodities Pte Ltd. Counsel |
| tlochner@boatinglaw.com | |
| Lochner Law Firm, P.C. | |
| 91 Main Street, 4th Floor | |
| Annapolis, MD 21401 | |
| (443) 716-4400 | |

*Attorneys for Plaintiff Hanwin Shipping Limited*